Craig v. Smith.

---

DAVID K. CRAIG, PLAINTIFF IN ERROR, v. WILLIAM K. SMITH, DEFENDANT IN ERROR.

1. To entitle the workman, or materialman, to an action against the owner, under the 3d section of the mechanics' lien law, (*Nix. Dig.* 572,) and the 2d section of the supplement thereto, of March 14th, 1863, (*Nix. Dig.* 581,) there must be a debt due from the owner to the contractor at the time the notice required by the statute is given.

2. If, before that time, the debt has been legally assigned, so that the contractor has no control over or right of action for it, a notice given to the owner by the workman or materialman will create no obligation under the statute as against the owner.

---

On writ of error to Somerset Circuit Court.

For the plaintiff in error, *Alvah A. Clark.*

For the defendant in error, *James J. Bergen.*

The opinion of the court was delivered by

DALRIMPLE, J. It is sought to maintain this action on the 3d section of the mechanics' lien law, (*Nix. Dig.* 572,) and the 2d section of the supplement thereto, of March 14th, 1863, (*Nix. Dig.* 581.) The plaintiff furnished materials, at the request and on the credit of the contractor, for the erection of defendant's dwelling-house. The contractor failing to pay for these materials after demand, the plaintiff gave the defendant the notice required by the statute, and, thereupon, brought this action. It is admitted that the defendant was satisfied of the indebtedness of the contractor to the plaintiff, that the notice was in due and proper form, and that an amount, sufficient to liquidate the plaintiff's claim, remained due and owing on the contract between the contractor and defendant. The defence is put upon the single ground that, prior to giving the notice, the contractor had made an assignment under the statute for the equal benefit of his creditors. The sections of the lien law, on which the present action is based, do not give the workman or materialman any lien upon the moneys due, or to become due, to the contractor from the owner. Until notice is given, the contractor is left at full liberty to dispose of the moneys secured to him by the contract as he sees fit. The right of the workman or materialman does not attach until notice is given. If, when the notice comes, there is nothing due the contractor, the predicament contemplated by the statute does not exist. If the owner is not then the debtor of the contractor, but of some third person, to whom the debt has been legally assigned, he cannot, as required by the statute, retain the amount due and claimed out of the amount owing to the contractor, for the simple reason that he does not owe the contractor. I, therefore, hold that to entitle the workman or materialman to an action against the owner, under the statute referred to, there must be a debt due

Craig v. Smith.

from the owner to the contractor at the time the notice is given, and that, if before that time the debt has been legally assigned, so that the contractor has no control over or right of action for it, a notice given to the owner by the workman or materialman will create no obligation under the statute as against the owner. On the argument of the case in this court the plaintiff's counsel contended that the workman and materialman had a lien, or *quasi* lien, upon the contract price stipulated to be paid by the owner to the contractor, and that an assignment of the debt took it subject to such lien. If this were so, the more appropriate remedy would seem to be a proceeding in nature of a suit *in rem*, to enforce the lien upon the debt, which the assignee could only take *cum onere*. I have, however, already said that the statute gives no such lien, but simply confers upon the workman or materialman the right, by notice to stay, for his benefit, in the hands of the owner, moneys due from him to the contractor. In these moneys, even after notice, the workman or materialman has no right or interest beyond the amount due from the contractor to him. At the time the plaintiff in this case gave the notice, the defendant not being indebted to the contractor, nor subject to be sued by him, but the debt then belonging to another by *bona fide* assignment, the court below correctly held that the plaintiff was not entitled to recover.

The result, therefore, is, that the judgment below must be affirmed, with costs.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, DAL-RIMPLE, KNAPP, VAN SYCKEL, DODD, GREEN, LILLY, WALES.   9.

*For reversal*—None.